OPINION OF THE COURT
David D. Egan, J.
On April 19, 2001 a jury convicted defendant, John F. Owens, of two counts of first degree murder pursuant to Penal Law § 125.27 (1) (a) (vii) relating to the death of two separate victims, and two counts of first degree rape pursuant to Penal Law § 130.35 relating to a third victim. Just before the presentation of evidence in the sentencing phase of trial, defendant, by notice of motion filed on April 23, 2001, sought permission *393 to give an unsworn allocution following summations. The People opposed defendant’s motion.
This Court finds that defendant has no statutory or constitutional right to allocute before a sentencing jury in a capital case. (See McGautha v California, 402 US 183 [1971].) While defendant correctly points out that CPL 380.50 (1)* allows a defendant to allocute before a sentencing court in a noncapital case, sentencing in a death penalty case is directed not by a judge but by a jury. Indeed, CPL 400.27, which embodies New York’s intricate death penalty sentencing scheme, does not provide for a defendant’s unsworn allocution. CPL 400.27 satisfies the constitutional mandate “of individualized * * * sentencing in a capital case by providing for an expansive presentation of any mitigating evidence to the sentencing jury.” (People v Harris, Sup Ct, Kangs County 1998, Feldman, J., slip opn, at 3.) For these reasons, this Court denied defendant’s request in its entirety on the record on April 25, 2001, and thus specifically rejected the reasoning of the courts in the capital cases of People v Shulman (Suffolk County Ct, Pitts, J., 1999, slip opn, at 2) and People v Harris (supra, slip opn, at 3-4). This Court finds, however, that nothing would limit defense counsel from reciting defendant’s words in its closing statements.
Defendant’s renewed motion entitled DEF-86 is denied in its entirety.

 Criminal Procedure Law § 380.50 (1) provides in relevant part: “At the time of pronouncing sentence, the court must accord the prosecutor an opportunity to make a statement with respect to any matter relevant to the question of sentence. The court must then accord counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant also has the right to make a statement personally in his or her own behalf, and before pronouncing sentence the court must ask the defendant whether he or she wishes to make such a statement.”